UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

       -against-                MEMORANDUM AND ORDER
                                Docket No. 10-862(drh)

MANUEL JAQUEZ,

       Defendant.
----------------------------------X
A P P E A R A N C E S:

For the Government:
    Richard Donoghue
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By: Christopher C. Caffarone, A.U.S.A.

For the Defendant:
    Manuel R. Jaquez, Pro Se
    957 Woodycrest Avenue, Apt. 31B
    Bronx, New York 10452

HURLEY, Senior District Judge

       By letter dated October 23, 2018, Manuel Jaquez ("defendant" or "Jaquez") seeks early termination of his supervised release.

       On February 9, 2011, defendant pled guilty to conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On July 1, 2011, he was sentenced to 70 months custody and a four-year term of supervised release. Defendant has completed his term of incarceration, and his period of supervised release is scheduled to end on May 12, 2020.

       In his letter submitted in support of the relief

requested, he indicates that, with the support of his probation officer, he is now leading a productive lifestyle which includes regular employment and being drug free. Title 18 U.S.C. § 3583(c) provides that "the court may, after considering the factors set forth in 18 U.S.C. § 3583(d), terminate a term of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1); see, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

Mr. Jaquez has made significant progress while on supervised release but that, in and of itself, is not sufficient to warrant the relief requested. As noted in United States v. Fenza, 2013 WL 3990914 (E.D.N.Y. Aug. 2, 2013), "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination". Id. at *2.

In essence, I commend Mr. Jacquez for his commendable achievements during his post incarceration period. However,

those achievements do not rise to the level of justifying early termination in my judgment. Accordingly, the current application is denied.

SO ORDERED.

Dated: December 12, 2018
       Central Islip, New York

/s/
DENIS R. HURLEY, U.S.D.J.